**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEAN GEMINIANI,**<br>*Plaintiff,*<br><br>**vs.**<br><br>**UNITED PARCEL SERVICE, INC.**<br><br>*Defendant.* | CA 07 372S<br><br>**C.A. No. 07-** |

## COMPLAINT

1. This Complaint arises out of allegations of discrimination based on disability, sex, and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq. and the Rhode Island Civil Rights of People with Disabilities Act, G.L. 1956 § 42-87-1 et seq.

## PARTIES

3. Plaintiff, Jean Geminiani ("Plaintiff") is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant United Parcel Service, Inc. ("UPS"), has been, at all relevant times, Plaintiff's employer, and is a corporation doing business in this State.

## ADMINISTRATIVE PROCEDURES

5. On or about July 18, 2006, charges of employment discrimination on behalf of Plaintiff, based upon disability, sex, and retaliation, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

6. On or about July 20, 2007, the Commission issued a "Notice of Right To Sue" to

Plaintiff.

7. The complaint has been filed with ninety (90) days of the receipt of the Notice of Right to Sue

## STATEMENT OF FACTS

8. Plaintiff began working at UPS in November 1995.

9. The discrimination to which Plaintiff has been subjected, includes, but is not limited to, that which is contained in paragraphs 10 through 27.

10. UPS employs both part-time and full-time workers. Like most UPS employees, when Plaintiff was hired as a part-timer, she wanted to become a full-time package car driver. Among other things, a full-time driving job pays more.

11. Some full-time package car drivers are hired from among the part-time workers. It is supposed to be done on the basis of seniority.

12. Over the years, Plaintiff expressed interest in a full-time driving position, and was turned down.

13. During this time period, Plaintiff has been aware of and experienced for herself, the fact that there are female UPS workers who have been treated differently than men and also subjected to sexual harassment.

14. In fact, Plaintiff has complained about sexual harassment in the past.

15. In 2004, Plaintiff hurt her back on the job and had to go out on workers' compensation. After almost ten years, it was only while she was out that she was finally told it was her turn to be a full-time driver. However, because she was out on workers' compensation, she was not given the opportunity to take the "test."

16. After Plaintiff was released to work, for no legitimate reason, UPS did not want to take her back to work.

17. Plaintiff was finally let back in, around May or June 2005. At that point, she was finally allowed to start the thirty-day drivers' test to become a full-time driver.

18. Shortly after Plaintiff began training, she was fired and/or not allowed to complete the training. Her last day of training was on or about July 20, 2005. The reasons given for not allowing her to complete her training and become a full-time driver are pretext for discrimination.

19. Plaintiff was eventually allowed to return to her part-time inside non-driving job.

20. Early in 2006, a male co-worker slapped Plaintiff on her behind. Although she reported this to her supervisor, he did not believe her.

21. Plaintiff was so depressed, stressed and anxious, that she was forced to go on TDI.

22. When she tried to return from work, UPS unjustifiably threatened to fire her. UPS alleged that she had committed TDI fraud.

23. After the Union fought this, Plaintiff was let back in. The sexual harassment incident with the co-worker who slapped her behind was never addressed. She heard that management told people that the guy apologized to her, but this never happened.

24. After she returned to work, Plaintiff was subjected to discriminatory and retaliatory actions, such as being unjustifiably criticized, given an unreasonable work load, and set up to fail. She was also denied jobs that she should have been given and/or was able to perform.

25. Because of the job she was forced to perform, Plaintiff suffered another work place injury and has since been on workers' compensation.

26. Although Plaintiff has requested to be allowed to return to work as an accommodation, her requests have been denied. She is in the process of going outside her building to try again.

27. Similarly-situated non-disabled and/or male employees are not subjected to the same treatment as Plaintiff, or held to the same standards. For example, Plaintiff is aware of male full-time drivers who have been driving for years, but had been at UPS for only a short time before her. Plaintiff believes there are also men who were allowed to become full-time drivers that were hired on part-time basis after her.

28. Plaintiff is qualified for the job. After UPS refused to allow her to become a full-time driver, it allowed her to continue driving as an air driver and even allowed her to do a route at the Mall in 2005 that paid her at the full-time drivers' rate. UPS refuses to make Plaintiff a full-time driver because of her disability, perceived disability, sex and/or previous complaints.

29. Plaintiff has a disability, is perceived as having a disability or has a record of a disability. She has a back, neck and shoulder injury.

30. Plaintiff has always been able to perform the essential functions of her job with or without reasonable accommodations.

31. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

**COUNT I**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Disability Discrimination)**

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. By the aforesaid actions, Defendant intentionally violated the FEPA.

34. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT II**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Sex Discrimination)**

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

36. By the aforesaid actions, Defendant intentionally violated the FEPA.

37. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT III**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

38. Plaintiff incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

39. By the aforesaid actions, Defendant intentionally violated the FEPA.

40. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT IV**
**Rhode Island Civil Rights of People with Disabilities Act ("RICRDA")**
**G.L. 1956 §§ 42-87-1 et seq.**
**(Disability Discrimination)**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as if fully set forth herein.

42. By the aforesaid actions, Defendant intentionally violated the FEPA.

43. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT IV**
**Rhode Island Civil Rights of People with Disabilities Act ("RICRDA")**
**G.L. 1956 §§ 42-87-1 et seq.**
**(Failure to Accommodate)**

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as if fully set forth herein.

45. By the aforesaid actions, Defendant intentionally violated the FEPA.

46. Plaintiff is damaged as a proximate result of Defendant's intentional conduct

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (Fax)

Dated: October 3, 2007