UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JEAN GEMINIANI, | | |
| Plaintiff, | : | C.A. No. 07-372 |
| vs. | : | |
| UNITED PARCEL SERVICE, INC., | : | |
| Defendant. | : | MARCH 6, 2008 |

**ANSWER AND AFFIRMATIVE DEFENSES**

1. Admit that the complaint makes the allegations asserted.

2. Admit that the plaintiff is invoking jurisdiction under the cited statutes.

3. Admit.

4. Admit.

5. Admit that plaintiff filed a charge with the Commission for Human Rights for the State of Rhode Island, but deny that it was filed on July 18, 2006. Records indicate it was received by the Commission on July 19, 2006.

6. Admit.

7. Admit.

8. Admit.

9. Deny.

10. Admit the first sentence. With regard to the second sentence, UPS admits that many part time employees become full time employees, but is without sufficient information to admit or deny the other allegations in the sentence and leaves plaintiff to her proof. Admit the third sentence.

11. Admit the allegations of the first sentence. With regard to the allegations of the second sentence, UPS denies as stated; hiring full time drivers is governed in part by the collective bargaining agreement between the Company and the Teamsters Union and in part by other factors.

12. Deny as stated.

13. Deny.

14. Deny.

15. With regard to the allegations of the first sentence, UPS admits that plaintiff was out of work and claimed a work related injury, but is without sufficient direct information to either admit or deny the remaining allegations of the sentence. Deny the remaining allegations as stated.

16. Deny.

17. Admit that Plaintiff returned to work during 2005 and began a trial period to become a driver.

18. Admit that Plaintiff failed her test period to become a driver. Deny the remaining allegations of the paragraph.

19. Admit that Plaintiff returned to her inside position.

20. Admit that Plaintiff reported an incident similar to the one alleged in this paragraph. Deny the remaining allegations of the paragraph.

21. Deny.

22. UPS is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiff to her proof.

23. UPS is without sufficient information to admit or deny the allegations in the first sentence and leaves plaintiff to her proof. Deny the allegations in the second sentence. UPS is without sufficient information to admit or deny the allegations in the final sentence and leaves plaintiff to her proof.

24. Deny.

25. Admit that Plaintiff has been out of work, claiming a workplace injury, but deny the remaining allegations.

26. Deny.

27. Deny.

28. Deny the allegations of the first sentence. Admit the allegations of the second sentence. Deny the allegations of the 3rd sentence.

29. Deny.

30. Deny.

31. Deny.

**Count I**

32. UPS incorporates by reference its responses to paragraphs 1-31 above

33. Deny.

34. Deny.

**Count II**

35. UPS incorporates by reference its responses to paragraphs 1-34 above

36. Deny

37. Deny.

**Count III**

38. UPS incorporates by reference its responses to paragraphs 1-37 above.

39. Deny

40. Deny.

**Count IV**

41. UPS incorporates by reference its responses to paragraphs 1-40 above.

42. Deny.

43. Deny.

**Count V**

44. UPS incorporates by reference its responses to paragraphs 1-43 above.

45. Deny.

46. Deny.

**AFFIRMATIVE DEFENSES**

Defendant UPS affirmatively asserts the following defenses and reserves the right to assert any other defenses or counterclaims that may be maintained at a later date.

**First Affirmative Defense**

Plaintiff has failed to mitigate her damages.

**Second Affirmative Defense**

Plaintiff has failed to exhaust her administrative remedies with regard to some or all of her claims.

**Third Affirmative Defense**

Any conduct that occurred prior to July 20, 2005 is barred by the statute of limitations contained in Rhode Island General Law §28-5-17.

**Fourth Affirmative Defense**

Some or all of the Plaintiffs claims of harassment and/or discrimination are barred because UPS has a reasonable policy for reporting such misconduct and Plaintiff did not avail herself of that policy.

**Fifth Affirmative Defense**

Any actions by UPS which are complained of in this lawsuit were taken on the basis of legitimate, non-discriminatory business reasons which had nothing to do with the Plaintiff's allegations of sexual harassment and/or discrimination. In the alternative, should it be found that sex sexual harassment and/or discrimination was a factor with regard to any of the decisions complained of, which is at all times vehemently denied, UPS asserts that such actions would have been taken notwithstanding any such consideration of Plaintiff's complaints.

**Sixth Affirmative Defense**

UPS denies any and all liability for liquidated damages for any alleged acts of its employees which are contrary to UPS's good faith efforts to comply with federal and state laws prohibiting unlawful discrimination.

Respectfully Submitted,
DEFENDANT – UNITED PARCEL SERVICE

By Its Attorneys

/s/ *Paul J. Moretti Sr.*

Lori Caron Silveira (#3002)
Paul J. Moretti Sr. (# 7433)
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
(401) 456-1200
(401) 456-1210 (fax)

**Certificate of Service**

I certify that all parties have consented that all papers required to be served may be served and filed electronically. I further certify that a copy of the above was served electronically on March 6, 2008 on the following parties:

Carly Beauvais Iafrate - ciafrate@verizon.net
129 Dyer St.
Providence, Rhode Island 02903

/s/ *Paul J. Moretti Sr.*