**UNITED STATE DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEAN GEMINIANI,** *Plaintiff,* vs. **UPS, INC.,** *Defendants.* | **C.A. No. 07-372S** |

# PLAINTIFF'S PRE-TRIAL CONFERENCE STATEMENT

## *I. Brief Factual Background.*

This is an employment discrimination case involving the Plaintiff, Jean Geminiani ("Geminiani"), and her current employer, Defendant United Parcel Service, Inc. ("UPS"). Ms. Geminiani has been employed by UPS for over twelve years. In general, UPS employees initially start as part-timers and most work toward attaining enough seniority to become full-time employees. There are a number of jobs that, if combined, can be full-time, but most employees seek to become full-time package car drivers because of the associated pay and benefits. Accordingly, Ms. Geminiani put in her time at UPS, waiting for her opportunity to become a full-time package car driver. Despite the fact that she has been employed for over twelve years, this has never happened. In fact, the full-time driver positions are overwhelmingly occupied by males (approximately 7 out of 300 drivers are female).

In the entire time that she has been employed, Ms. Geminiani has been given the opportunity to take the full-time drivers test only once. This happened in the Summer of 2005 after she returned from a workers' compensation leave. Despite passing the written test,

Geminiani was ultimately "flunked" on the driving portion of the test. Significantly, even though UPS determined that Ms. Geminiani was not qualified to be a full-time driver, they continued to use her on a part-time basis. In addition, she was not given the opportunity to try again. After this episode, a female member of UPS management told Ms. Geminiani that, in her opinion, Geminiani was not given the appropriate training for the driving test and was not treated fairly. Ms. Geminiani originally filed charges of discrimination because any reason for not allowing her to become a full-time driver is a pretext for sex-based discrimination. Based on her experience, men were not held to the same standard as she was with respect to the driver training and opportunities. In addition, an incident in which a male co-worker slapped her on her behind was largely ignored by UPS management. The original charges were also based upon disability and retaliation.[1]

Between the summer of 2005 and March 2006, Geminiani continued to work at UPS, but was ultimately forced to take a medical leave because of the work-related stress associated with the discrimination and slapping incident. When Geminiani returned to work, it was ultimately determined that she has sufficient seniority to bid on a full-time job, but she still was not allowed to drive full-time. After she returned to work, having already filed the first set of charges of discrimination, Plaintiff was subjected to discriminatory and retaliatory actions, such as being unjustifiably criticized, given an unreasonable work load, and set up to fail. She was also denied jobs that she should have been given and/or was able to perform. She then injured herself on the job and was forced to go on workers' compensation leave for a second time. Since that time,

[1] Geminiani engaged in protected conduct by making sexual harassment and other complaints, and by taking a workers' compensation leave. Thereafter, she denied promotion, among other things. Geminiani had a perceived or regarded as disability with respect to her workers' compensation injury.

Ms. Geminiani has made several efforts to return to work with an accommodation. Despite that, she has been told that she cannot return to UPS unless she is "100 percent."

Based on the foregoing, Plaintiff filed a second set of charges of discrimination to address the current situation in which UPS has subjected her to retaliation and discrimination based on her disability, regarded or perceived disability. Plaintiff intends to seek to amend the complaint once the charges have been pending in the Commission for 120 days.

*II. Statement of Claims.*

All of Plaintiff's claims fall under state law. She has stated claims for sex-based discrimination, disability-based discrimination and retaliation under the Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq. She has also stated the disability-based discrimination claims under the Rhode Island Civil Rights of People with Disabilities Act, G.L. 1956 § 42-87-1 et seq. Regardless of what Act the claims are filed under, the analysis is essentially the same.

*A. Sex-Based Disparate Treatment*

Plaintiff carries the initial burden to establish a prima facie case of sex-based discrimination. See Neri v. Ross-Simons, 897 A.2d 42, 48-49 (R.I. 2006) (citing McDonnell-Douglas). This requires her to establish that she is (1) a female; (2) she was performing her job adequately; and (3) she suffered an adverse job action. See id. at 49. In response, the employer must offer a legitimate non-discriminatory reason for failing to promote Geminiani. See id. at 49-50. Finally, the Plaintiff must respond with some evidence of pretext sufficient to warrant a trier of fact to find in her favor. Id. at 50.

*B. Disability Based Disparate Treatment*

The analysis for disability-based discrimination is nearly identical to that which is required for sex-based discrimination. Namely, Courts still employ the McDonnell-Douglas

burden shifting framework. However, Plaintiff's prima facie case differs in that she must initially establish that she is a disabled within the meaning of state law, that she is able to perform the essential functions of her job with or without accommodation; and that she has suffered an adverse job action because of her disability. See DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13, 24-25 (R.I. 2005).

*C. Failure to Accommodate*

In order to prevail on a theory of failure-to-accommodate, Plaintiff must show that she is disabled (the prima facie case set forth above); that she requested an accommodation which was denied; that is was reasonable and no undue burden exists on the employer if making the accommodation. See DeCamp, 875 A.2d at 27 n.14. The remaining burden-shifting method of proof remains the same.

*D. Retaliation*

Finally, with respect to Plaintiff's claims of retaliation she must demonstrate that she has: (1) engaged in protected conduct; (2) suffered an adverse employment action; and (3) there exists a causal connection between the protected conduct and adverse action. See Shoucair v. Brown University, 917 A.2d 418, 427 (R.I. 2007).

Plaintiff,
By her Attorney,

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)

## CERTIFICATION

The undersigned hereby certifies that this document has been filed electronically on this 23rd day of April 2008, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Lori Caron Silveira, Esq.
lsilveira@tllaw.com

Paul Moretti, Esq.
Pmoretti@tllaw.com

Hugh F. Murray, Esq.
hmurray@murthalaw.com

Dena Castricone, Esq.
dcastricone@murthalaw.com

/s/ Carly Beauvais Iafrate