**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEAN GEMINIANI,** *Plaintiff,*<br><br>**vs.**<br><br>**UNITED PARCEL SERVICE, INC.** *Defendant.* | **C.A. No. 07-372S** |

**MOTION TO AMEND COMPLAINT**

Now comes the Plaintiff, Jean Geminiani ("Plaintiff"), and hereby moves for leave of the Court to amend the Complaint filed in the above-referenced action pursuant to Rule 15(a) and (c) of the Federal Rules of Civil Procedure. In summary, Plaintiff seeks to remove her disability claims and incorporate the right-to-sue recently obtained from the Commission for Human Rights relative to her retaliation claims. Plaintiff does not seek to add any additional claims. In support thereof, Plaintiff submits the accompanying memorandum of law.

Wherefore, Plaintiff prays that this Motion be granted.

Plaintiff,
By her attorney,

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964

## **CERTIFICATION**

I hereby certify that this document has been filed electronically on this 5th day of August 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Lori Caron Silveira, Esq.
lsilveira@apslaw.com

Hugh F. Murray, Esq.
hmurray@murthalaw.com

Dena Castricone, Esq.
dcastricone@murthalaw.com

/s/ Carly Beauvais Iafrate, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEAN GEMINIANI,** *Plaintiff,* | |
| **vs.** | **C.A. No. 07-372S** |
| **UNITED PARCEL SERVICE, INC.** *Defendant.* | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## I. *Introduction*

This is an employment discrimination case involving the Plaintiff, Jean Geminiani ("Geminiani"), and her current employer, Defendant United Parcel Service, Inc. ("UPS"). Ms. Geminiani has been employed by UPS for over twelve years. In general, UPS employees initially start as part-timers and most work toward attaining enough seniority to become full-time employees. There are a number of jobs that, if combined, can be full-time, but most employees seek to become full-time package car drivers because of the associated pay and benefits. Accordingly, Ms. Geminiani put in her time at UPS, waiting for her opportunity to become a full-time package car driver. Despite the fact that she has been employed for over twelve years, this has never happened. In fact, the full-time driver positions are overwhelmingly occupied by males (approximately 7 out of 300 drivers are female).

In the entire time that she has been employed, Ms. Geminiani has been given the opportunity to take the full-time drivers test only once. This happened in the Summer of

2005 after she returned from a workers' compensation leave. Despite passing the written test, Geminiani was ultimately "flunked" on the driving portion of the test. Significantly, even though UPS determined that Ms. Geminiani was not qualified to be a full-time driver, they continued to use her as a driver on a "part-time" basis. In addition, she was not given the opportunity to try again. After this episode, a female member of UPS management told Ms. Geminiani that, in her opinion, Geminiani was not given the appropriate training for the driving test and was not treated fairly. Ms. Geminiani originally filed charges of discrimination because any reason for not allowing her to become a full-time driver is a pretext for sex-based discrimination. Based on her experience, men were not held to the same standard as she was with respect to the driver training and opportunities. In addition, an incident in which a male co-worker slapped her on her behind was largely ignored by UPS management. The original charges also alleged retaliation.

Between the summer of 2005 and March 2006, Geminiani continued to work at UPS, but was ultimately forced to take a medical leave because of the work-related stress associated with the discrimination and slapping incident. When Geminiani returned to work, it was ultimately determined that she has sufficient seniority to bid on a full-time job, but she still was not allowed to drive full-time. After she returned to work, having already filed the first set of charges of discrimination, Plaintiff was subjected to discriminatory and retaliatory actions, such as being unjustifiably criticized, given an unreasonable work load, and set up to fail. She was also denied jobs that she should have been given and/or was able to perform. She then injured herself on the job and was forced to go on workers' compensation leave for a second time. Ultimately, Ms. Geminiani was allowed to return to work. Based on some additional problems she had,

Plaintiff filed a second set of charges of discrimination to address the retaliation.

The original complaint stated causes of action based on disability, sex and retaliation. See Exhibit A, *Complaint*. Plaintiff included in the original complaint factual allegations supporting retaliation, and put Defendant on notice that she would seek to amend the once she exhausted her administrative remedies. Plaintiff now seeks to remove the disability-related claims, and incorporate the facts supporting exhaustion of administrative remedies on the retaliation claims. See Exhibit B, *Proposed Amended Complaint*. Plaintiff does not seek to add additional claims.

**II. *Rule 15(a) & (c)***

Rule 15(a) of the Federal Rules of Civil Procedure liberally permits amendment absence a showing of extreme prejudice. Desrosiers v. Hartford Life & Accident Ins. Co., 354 F. Supp.2d 119, 129 (D.R.I. 2005). The burden rests on the party opposing the motion to amend to demonstrate the prejudice. Defendant will be unable to demonstrate any kind of prejudice. The original complaint included allegations of retaliation. Defendant has been aware of additional facts supporting retaliation since March 2008. Defendant has deposed Plaintiff about her retaliation claims. In the event Defendant desires to further depose Plaintiff, there are several months remaining in the discovery period.

Furthermore, under Rule 15(c), "[w]henever the claim * * * asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In this case, the amended claim arises from the same relationship and encompasses the same facts as stated in the original complaint. Thus, the amended pleading should relate back to the date of the original pleading.

## III. Conclusion

For the foregoing reasons, the Plaintiff respectfully requests the Court to grant the instant motion to amend the complaint pursuant to Fed. R. Civ. P. R. 15(a) and (c).

Plaintiff,
By her Attorney,

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964

## CERTIFICATION

I hereby certify that this document has been filed electronically on this 5th day of August 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Lori Caron Silveira, Esq.
lsilveira@apslaw.com

Hugh F. Murray, Esq.
hmurray@murthalaw.com

Dena Castricone, Esq.
dcastricone@murthalaw.com

/s/ Carly Beauvais Iafrate, Esq.

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEAN GEMINIANI,** *Plaintiff,* | 07 372S |
| **vs.** | **C.A. No. 07-** |
| **UNITED PARCEL SERVICE, INC.** *Defendant.* | |

**COMPLAINT**

1. This Complaint arises out of allegations of discrimination based on disability, sex, and retaliation.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq. and the Rhode Island Civil Rights of People with Disabilities Act, G.L. 1956 § 42-87-1 et seq.

**PARTIES**

3. Plaintiff, Jean Geminiani ("Plaintiff") is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant United Parcel Service, Inc. ("UPS"), has been, at all relevant times, Plaintiff's employer, and is a corporation doing business in this State.

**ADMINISTRATIVE PROCEDURES**

5. On or about July 18, 2006, charges of employment discrimination on behalf of Plaintiff, based upon disability, sex, and retaliation, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

6. On or about July 20, 2007, the Commission issued a "Notice of Right To Sue" to

Plaintiff.

7. The complaint has been filed with ninety (90) days of the receipt of the Notice of Right to Sue

## STATEMENT OF FACTS

8. Plaintiff began working at UPS in November 1995.

9. The discrimination to which Plaintiff has been subjected, includes, but is not limited to, that which is contained in paragraphs 10 through 27.

10. UPS employs both part-time and full-time workers. Like most UPS employees, when Plaintiff was hired as a part-timer, she wanted to become a full-time package car driver. Among other things, a full-time driving job pays more.

11. Some full-time package car drivers are hired from among the part-time workers. It is supposed to be done on the basis of seniority.

12. Over the years, Plaintiff expressed interest in a full-time driving position, and was turned down.

13. During this time period, Plaintiff has been aware of and experienced for herself, the fact that there are female UPS workers who have been treated differently than men and also subjected to sexual harassment.

14. In fact, Plaintiff has complained about sexual harassment in the past.

15. In 2004, Plaintiff hurt her back on the job and had to go out on workers' compensation. After almost ten years, it was only while she was out that she was finally told it was her turn to be a full-time driver. However, because she was out on workers' compensation, she was not given the opportunity to take the "test."

16. After Plaintiff was released to work, for no legitimate reason, UPS did not want to take her back to work.

17. Plaintiff was finally let back in, around May or June 2005. At that point, she was finally allowed to start the thirty-day drivers' test to become a full-time driver.

18. Shortly after Plaintiff began training, she was fired and/or not allowed to complete the training. Her last day of training was on or about July 20, 2005. The reasons given for not allowing her to complete her training and become a full-time driver are pretext for discrimination.

19. Plaintiff was eventually allowed to return to her part-time inside non-driving job.

20. Early in 2006, a male co-worker slapped Plaintiff on her behind. Although she reported this to her supervisor, he did not believe her.

21. Plaintiff was so depressed, stressed and anxious, that she was forced to go on TDI.

22. When she tried to return from work, UPS unjustifiably threatened to fire her. UPS alleged that she had committed TDI fraud.

23. After the Union fought this, Plaintiff was let back in. The sexual harassment incident with the co-worker who slapped her behind was never addressed. She heard that management told people that the guy apologized to her, but this never happened.

24. After she returned to work, Plaintiff was subjected to discriminatory and retaliatory actions, such as being unjustifiably criticized, given an unreasonable work load, and set up to fail. She was also denied jobs that she should have been given and/or was able to perform.

25. Because of the job she was forced to perform, Plaintiff suffered another work place injury and has since been on workers' compensation.

26. Although Plaintiff has requested to be allowed to return to work as an accommodation, her requests have been denied. She is in the process of going outside her building to try again.

27. Similarly-situated non-disabled and/or male employees are not subjected to the same treatment as Plaintiff, or held to the same standards. For example, Plaintiff is aware of male full-time drivers who have been driving for years, but had been at UPS for only a short time before her. Plaintiff believes there are also men who were allowed to become full-time drivers that were hired on part-time basis after her.

28. Plaintiff is qualified for the job. After UPS refused to allow her to become a full-time driver, it allowed her to continue driving as an air driver and even allowed her to do a route at the Mall in 2005 that paid her at the full-time drivers' rate. UPS refuses to make Plaintiff a full-time driver because of her disability, perceived disability, sex and/or previous complaints.

29. Plaintiff has a disability, is perceived as having a disability or has a record of a disability. She has a back, neck and shoulder injury.

30. Plaintiff has always been able to perform the essential functions of her job with or without reasonable accommodations.

31. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

**COUNT I**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Disability Discrimination)**

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth herein.

33. By the aforesaid actions, Defendant intentionally violated the FEPA.

34. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT II**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Sex Discrimination)**

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as if fully set forth herein.

36. By the aforesaid actions, Defendant intentionally violated the FEPA.

37. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT III**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

38. Plaintiff incorporates by reference Paragraphs 1 through 37 as if fully set forth herein.

39. By the aforesaid actions, Defendant intentionally violated the FEPA.

40. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT IV**
**Rhode Island Civil Rights of People with Disabilities Act ("RICRDA")**
**G.L. 1956 §§ 42-87-1 et seq.**
**(Disability Discrimination)**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as if fully set forth herein.

42. By the aforesaid actions, Defendant intentionally violated the FEPA.

43. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

## COUNT IV
## Rhode Island Civil Rights of People with Disabilities Act ("RICRDA") G.L. 1956 §§ 42-87-1 et seq. (Failure to Accommodate)

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as if fully set forth herein.

45. By the aforesaid actions, Defendant intentionally violated the FEPA.

46. Plaintiff is damaged as a proximate result of Defendant's intentional conduct

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (Fax)

Dated: October 3, 2007

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JEAN GEMINIANI,**<br>***Plaintiff,***<br><br>**vs.**<br><br>**UNITED PARCEL SERVICE, INC.**<br><br>***Defendant.*** | **C.A. No. 07-372S** |

## FIRST AMENDED COMPLAINT

1. This Complaint arises out of allegations of discrimination based on sex and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 and the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq.

## PARTIES

3. Plaintiff, Jean Geminiani ("Plaintiff") is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant United Parcel Service, Inc. ("UPS"), has been, at all relevant times, Plaintiff's employer, and is a corporation doing business in this State.

## ADMINISTRATIVE PROCEDURES

5. On or about July 18, 2006, charges of employment discrimination on behalf of Plaintiff, based upon sex and retaliation, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

6. On or about July 20, 2007, the Commission issued a Notice of Right To Sue ("First Notice of Right to Sue") to Plaintiff.

7. The original complaint was filed with ninety (90) days of the receipt of the First Notice of Right to Sue.

8. On or about March 7, 2008, charges of employment discrimination on behalf of Plaintiff, based upon retaliation, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

9. On or about July 24, 2008, the Commission issued a Notice of Right To Sue ("Second Notice of Right to Sue") to Plaintiff.

10. The amended complaint has been filed with ninety (90) days of the receipt of the Second Notice of Right to Sue.

## STATEMENT OF FACTS

11. Plaintiff began working at UPS in November 1995.

12. The discrimination to which Plaintiff has been subjected, includes, but is not limited to, that which is contained in paragraphs 13 through 27.

13. UPS employs both part-time and full-time workers. Like most UPS employees, when Plaintiff was hired as a part-timer, she wanted to become a full-time package car driver. Among other things, a full-time driving job pays more.

14. Some full-time package car drivers are hired from among the part-time workers. It is supposed to be done on the basis of seniority.

15. Over the years, Plaintiff expressed interest in a full-time driving position, and was turned down.

16. During this time period, Plaintiff has been aware of and experienced for herself, the fact that there are female UPS workers who have been treated differently than men and also subjected to sexual harassment.

17. In fact, Plaintiff has complained about sexual harassment in the past.

18. In June 2005, Plaintiff was finally allowed to start the thirty-day drivers' test to be promoted to full-time driver.

19. Plaintiff successfully passed the classroom portion of the training.

20. Thereafter, Plaintiff was supposed to be given a thirty-day trial driving/training period.

21. UPS only allowed Plaintiff to drive and train approximately nine days out of the thirty day period before it informed her that she would not be promoted.

22. During the nine days of training, Plaintiff was set up to fail.

23. Plaintiff's last day of training was on or about July 20, 2005. The reasons given for not allowing Plaintiff to complete her training and be promoted to full-time driver are pretext for discrimination.

24. After returning to her inside, non-driving job, in early 2006, a male co-worker slapped Plaintiff on her behind. Although she reported this to her supervisor, he did not believe her.

25. Plaintiff was so depressed, stressed and anxious, that she was forced to go on TDI.

26. When she tried to return from work, UPS unjustifiably threatened to fire her. UPS alleged that she had committed TDI fraud.

27. After the Union fought this, Plaintiff was let back in. The sexual harassment incident with the co-worker who slapped her behind was not properly addressed. She heard that management told people that the guy apologized to her, but this never happened.

28. After she returned to work, Plaintiff was subjected to additional discriminatory and retaliatory actions, such as being unjustifiably criticized, given an unreasonable work load, and set up to fail. She was also denied jobs that she should have been given and/or was able to perform.

29. The actions referred to in Paragraph 28 include the fact that Plaintiff was denied the opportunity to apply for a driving position during the 2008 yearly bid. UPS alleged that Plaintiff needed a valid DOT card. Similarly-situated employees who had not filed charges of discrimination and/or a lawsuit were not required to hold a valid DOT card at the time of the bid.

30. Similarly-situated male employees are not subjected to the same treatment as Plaintiff, or held to the same standards.

31. Plaintiff is qualified for the job. After UPS refused to allow her to become a full-time driver, it allowed her to continue driving as an air driver and even allowed her to do a route at the Mall in 2005 that paid her at the full-time drivers' rate. UPS refuses to make Plaintiff a full-time driver because of her sex and/or previous complaints.

32. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

**COUNT I**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Sex Discrimination)**

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. By the aforesaid actions, Defendant intentionally violated the FEPA.

35. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT II**
**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

36. Plaintiff incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. By the aforesaid actions, Defendant intentionally violated the FEPA.

38. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065

(401) 421-0964 (Fax)

Dated: August 5, 2008